**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emily Thoms, et al.,<br><br>    Plaintiffs,<br>vs.<br><br>Maricopa County Community College District,<br><br>    Defendant. | No. CV-21-01781-PHX-SPL<br><br>**ORDER** |

  Pending before the Court are Proposed Intervenor Defendant's Motion to Intervene (Doc. 57) and Plaintiffs' Motion to Amend Complaint (Doc. 66). But because Plaintiffs' Complaint is moot, the Motions will be denied as moot and this case will be dismissed without prejudice.[1]

  On October 21, 2021, Plaintiffs Emily Thoms and Kamaleilani Moreno, then nursing students within Defendant Maricopa County Community College District (the "District"), filed a Complaint against the District (Doc. 1) and a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). The Complaint alleged two counts—violation of the Free Exercise Clause of the First Amendment and violation of Arizona's Free Exercise of Religion Act ("FERA")—based on the District's policy that

---

[1] Defendant requests that the Complaint be dismissed with prejudice. But mootness is a jurisdictional issue, so Plaintiffs cannot be precluded from bringing an action seeking damages for events related to this case. *See Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) ("[A] dismissal for mootness is a dismissal for lack of jurisdiction, and a court that has no jurisdiction cannot enter a judgment with preclusive effect . . . ." (internal quotation marks omitted)).

nursing students must comply with the COVID-19 vaccination policies of their assigned clinical sites in order to complete their clinical requirements (the "Policy"); Plaintiffs were both assigned to a clinical site with a mandatory vaccination policy, despite their religious objections to receiving a vaccine. (Doc. 1). Plaintiffs sought (1) injunctive relief restraining the District from enforcing its "Vaccine Mandate" against them and requiring the District to adopt an accommodation that would allow them to graduate on time, (2) a declaratory judgment that the "Vaccine Mandate" is unconstitutional on its face and as applied, and (3) costs and expenses, including attorneys' fees. (Doc. 1 at 25).

On November 5, 2021, the Court granted Plaintiffs' Motion for Preliminary Injunction as modified, enjoining the District from enforcing the Policy against Plaintiffs and requiring the District to provide an accommodation that would allow Plaintiffs to graduate in December 2021. (Doc. 36). The District complied, and Plaintiffs graduated with their nursing degrees on December 13, 2021—thereby receiving the relief sought in the Complaint. (Doc. 72 at 1–2).

On January 31, 2022, the parties filed a "Notice of Settlement in Principle." (Doc. 45). The next day, the Court therefore vacated all pending deadlines and set a dismissal deadline of March 17, 2022. (Doc. 46). Three days before the case was to be dismissed, on March 14, 2022, Plaintiffs filed a Motion to Vacate the Dismissal Order stating that "Plaintiffs elected to forego settlement and continue this litigation." (Doc. 48). Plaintiffs' counsel, Auer Ryan PC ("AR"), also filed an Ex Parte Motion to Withdraw (Doc. 47). The Court granted both Motions, reinstated the case on the Court's calendar, and set a Rule 16 Case Management Conference (Docs. 51–53).[2]

On April 21, 2022, the parties filed their required Rule 26 Report. (Doc. 56).[3] In the Report, Plaintiffs stated that they:

---

[2] Plaintiffs' current counsel filed a Notice of Appearance the following day. (Doc. 50).

[3] The Rule 26 Report filed on April 21, 2022 was stricken because the Proposed Rule 16 Case Management Order was not prepared jointly (Doc. 58). The parties refiled their Rule 26 Report on April 29, 2022 (Doc. 59).

2

>are in agreement with Defendants that the claims for injunctive relief are moot [and] should be dismissed; however, Plaintiffs wish to seek redress for the harassment and retaliation Plaintiffs faced from the date they submitted their religious accommodation requests until the date they ultimately graduated pursuant to 42 U.S.C. § 1983.

(Doc. 59 at 3). They further stated that they believe filing an amended complaint with the new claims would be "the most prudent course of action and best furthers the interests of judicial economy and all parties," but that they "are amenable to dismissing the instant claims for injunctive relief and initiating a separate action for damages so long that any such dismissal does not give rise to preclusive effect of the allegations not yet raised." (Doc. 59 at 3). On May 24, 2022, Plaintiffs filed the pending Motion to Amend Complaint (Doc. 66).[4]

Also on April 21, 2022, AR filed the pending Motion to Intervene, seeking to intervene to protect its asserted "contractual contingency interest in the fees and costs awarded by settlement or judgment to Plaintiffs as the successful party on the FERA and First Amendment claims pled in the Complaint, which [AR] filed and litigated to a successful conclusion on Plaintiffs' behalf"—which AR asserts is a charging lien. (Doc. 57 at 2). AR argues that by amending the Complaint, Plaintiffs jeopardize their "prevailing party" status and the firm's ability to collect attorneys' fees pursuant to its contingency fee agreement with Plaintiffs.

On June 8, 2022, the Court ordered Plaintiffs, the District, and AR, to file supplemental briefing addressing (1) the timeline of events in the case from the time the Court granted the preliminary injunction to the present, and (2) their positions on whether the operative Complaint (Doc. 1) is moot and why the case should or should not be dismissed as a result. (Doc. 68). The Court also set a Motion Hearing which was held on June 29, 2022 to address the two pending Motions as well as the issues to be discussed in the supplemental briefing. (Doc. 68; Min. Entry 74).

---

[4] Plaintiffs initially filed a Motion to Amend on May 13, 2022 (Doc. 64), but it was stricken for noncompliance with LRCiv 15.1 (Doc. 65).

"Federal courts lack jurisdiction to consider moot claims." *Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009). "A claim is moot if it has lost its character as a present, live controversy. If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Wildwest Inst. v. Kurth*, 855 F.3d 995, 1002 (9th Cir. 2017) (internal quotation marks omitted). While there is some authority suggesting that a plaintiff *may* be given leave to amend a moot complaint, *see Hydrick v. Wilson*, 711 F. App'x 813, 814 (9th Cir. 2017), the Court finds no authority stating that leave to amend *must* be given.

Several considerations lead the Court to choose the path of dismissal in this case. First, there is no dispute that the claims for injunctive relief in the Complaint are moot, and Plaintiffs do not argue that they can be made live through amendment; rather, Plaintiffs wish to seek entirely different relief in the form of monetary damages. Second, by dismissing this action at this stage, Plaintiffs will be able to seek fees for AR's work in securing the preliminary injunction that conferred the entirety of the relief sought in the Complaint and allowed them to graduate. Thus, even if Plaintiffs elect to file a separate action for damages, the issues and parties to the new matter are likely to be streamlined as there will be no reason for AR's involvement. Contrary to Plaintiffs' argument, then, under this case's peculiar posture, dismissal of this action is more favorable to judicial economy and the interests of justice. Finally, Plaintiffs themselves have stated that they are amenable to dismissal so long as there is no preclusive effect, as will be the case here. (Doc. 59 at 3); *see supra* note 1. Accordingly,

**IT IS ORDERED** that this case is **dismissed without prejudice as moot**. The Clerk of Court shall **terminate** this action.

**IT IS FURTHER ORDERED** that the Motion to Intervene (Doc. 57) and the Motion to Amend (Doc. 66) are **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs may file a motion for attorneys' fees to which they believe they are entitled in accordance with Fed. R. Civ. P. 54(d)(2) and LRCiv 54.2 no later than **July 21, 2022**.

**IT IS FURTHER ORDERED** that if Plaintiffs elect to file a new action related to the events at issue in this case, they shall notify the Court at logan_chambers@azd.uscourts.gov at least 24 hours in advance of filing a complaint.

Dated this 30th day of June, 2022.

> Honorable Steven P. Logan
> United States District Judge